SINGER MANUF'G CO. *v.* HARDEE *et al.*

(*Supreme Court of New Mexico.* February 16, 1888.)

INTERSTATE COMMERCE—FOREIGN CORPORATIONS—DEFAULTING AGENT.

Comp. Laws N. M. § 218, fixing conditions under which foreign corporations may do business in New Mexico, is invalid as far as it is a regulation of interstate commerce, and failure to comply with it is no defense in an action by a foreign sewing-machine company against a local defaulting agent.[1]

Appeal from district court, Sierra county.

Action on bond; judgment for plaintiff; defendant appeals.

*Elliott, Pickett & Elliott*, for appellants.

LONG, C. J. In this case the error urged and the points argued have been carefully considered. The court is in harmony with the views expressed by Associate Justice HENDERSON, who, in ruling upon the points in the court below, filed a written opinion, which is adopted here as the opinion of the court on the points involved:

The plaintiff sues in this action to recover an alleged balance due from Hardee as its agent on account of collections made and sewing-machines unaccounted for while in its employ. The defendant Hardee had been appointed agent of the plaintiff corporation for New Mexico, and entered into bond with the other defendants as his sureties for the faithful performance of his duties. The declaration is in debt, with breaches of the conditions of the bond specifically assigned. Among other defenses the defendants plead specially as matter in bar of the action in substance the following: That the plaintiff is a foreign corporation, having its domicile in the state of New Jersey; that the

---

[1] A statute requiring foreign corporations to pay a license fee for the privilege of keeping an office within the state is not a regulation of interstate commerce. *Mining Co.* v. *Pennsylvania*, 8 Sup. Ct. Rep. 737. But a city ordinance imposing a tax upon railroad agencies is a regulation of interstate commerce in so far as it applies to an agent who solicits passenger traffic over a railroad passing through two or more states. *McCall* v. *California*, 10 Sup. Ct. Rep. 881. A statute authorizing a license tax upon a "drummer" for soliciting within the state the sale of goods to be shipped from another state is a regulation of interstate commerce. *Robbins* v. *Taxing Dist.*, 7 Sup. Ct. Rep. 592; *Leloup* v. *Port* of Mobile, 8 Sup. Ct. Rep. 1380; *Asher* v. *Texas*, 9 Sup. Ct. Rep. 1; *Stoutenburgh* v. *Hennick*, Id. 256. A statute imposing a tax upon a railroad company whose lines run through the state, as a condition precedent to keeping an office therein, is a regulation of interstate commerce, *Railroad Co.* v. *Pennsylvania*, 10 Sup. Ct. Rep. 958; as is also a license tax upon sleeping-cars passing and repassing through a state, being the property of a foreign corporation, *Pickard* v. *Pullman Car Co.*, 6 Sup. Ct. Rep. 635. So is a statute imposing a tax upon the gross receipts of a railroad for the carriage of passengers and freight into and out of the state. *Fargo* v. *Stevens*, 7 Sup. Ct. Rep. 857. See, also, the Meat Inspection Case, *Minnesota* v. *Barber*, 10 Sup. Ct. Rep. 862; and the Original Package Cases, *Leisy* v. *Hardin*, Id. 681; *Lyng* v. *Michigan*, Id. 725.

business of the company is the manufacture and sale of sewing-machines, and that at the date of the making and delivery of the writing obligatory sued on the plaintiff had wholly failed to comply with the requirements of the laws of the territory in this, that it had not filed in the office of the secretary of the territory a copy of its articles of association, nor with the recorder of deeds in the county where its principal place of business was located; nor has it designated an agent upon whom service of process could be made. The plea further alleges that Hardee, in the name of the company, and as its agent, carried on the business of the plaintiff in New Mexico in selling said sewing-machines for a long time prior to the filing of its articles of association with the secretary, and that if any breach of said writing obligatory had been committed, as alleged in the declaration, it was so committed after the execution of the bond, and before the filing of its articles of association, and while it was forbidden to do business in this territory.

The statute pleaded is as follows: "Every company or corporation, incorporated under the laws of any foreign state or kingdom, or of any state or territory of the United States, beyond the limits of this territory, and now or hereafter doing business in this territory, shall file in the office of the secretary of the territory, and in the office of the recorder of deeds of the county in which the principal place of business of such corporation shall be, a copy of its charter of incorporation, or, in case such company is incorporated under any general incorporation law, a copy of its articles of incorporation and of such general incorporation law, all duly certified and authenticated by the proper authority of such foreign state, kingdom, or territory. Such company shall also, before it is authorized or permitted to do business in this territory, make and file with the secretary of the territory, and in the office of the recorder of deeds of the county in which its principal place of business shall be, a certificate signed by the president and secretary of such company, duly acknowledged, designating the principal place where the business shall be carried on in this territory, and an authorized agent or agents residing at such principal place of business, upon whom process may be served; and such corporation shall have the same powers and shall be subject to all the liabilities and duties as corporations of a like character organized under the general laws of this territory." Section 218, Comp. Laws, N. M.

To this plea a demurrer was filed. Is the plea sufficient to bar a recovery on the bond? The facts as disclosed in the pleadings are: The plaintiff is a New Jersey manufacturing corporation engaged in the manufacture of sewing-machines and in their sale in New Jersey and this territory. The business carried on by the company here was confined solely to selling machines. The machines and their attachments were made in New Jersey, shipped to the agent here, and by him sold. It is admitted that the legislature of a state or territory may enact and enforce a statute of the kind pleaded and relied upon by the defendants, unless in so doing the act violates the constitution of the United States, or of the particular state enacting it, or the organic act of the territory. While conceding this general power, it is insisted that if the purpose of the legislature was to prevent the transaction of all kinds of business by a foreign corporation in New Mexico, it is void to the extent it attempts to regulate commerce among the states. Viewed in the light of the facts pleaded, is it a regulation of commerce by the territory? The power "to regulate commerce with other nations and among the several states" is vested by the constitution in congress, and in that body alone, as to objects of a national character, where uniformity of regulation is of the highest general and national importance. While it is true the exactions contained in the statute pleaded do not amount to a tax in the true sense of that term, still it imposes a duty and devolves a burden on the foreign corporation as a condition to its right to carry on business, when that business is of a purely commercial kind. It is not a question as to whether the burden or duty imposed is a reasonable

one, but whether the territorial legislature had power to impose any condition or limitation whatever upon its right to carry on commerce between the state of New Jersey and the territory of New Mexico. The case of *Paul* v. *Virginia,* 8 Wall. 168, is very instructive on both sides of the question presented for decision. It affirms the right of state or territory to name the conditions upon which a foreign corporation may enter the state and there exercise the corporate franchise and receive the recognition and protection of the local sovereignty. It is equally clear, however, that had the transactions in that case brought the corporation within the protection of the commercial clause of the constitution, a different result would have been reached. That case simply upheld the Virginia statute, and declared that writing an insurance risk and delivering a policy did not "constitute a transaction of commerce" within the meaning of the constitution. Mr. Justice FIELD, in speaking for the court in that case, said: "We proceed to the second objection urged to the validity of the Virginia statute, which is founded upon the commercial clause of the constitution. It is undoubtedly true, as stated by counsel, that the power conferred upon congress to regulate commerce includes as well commerce carried on by corporations as common carriers, or by individuals. At the time of the formation of the constitution a large part of the commerce of the world was carried on by corporations. The East India Company, Hudson's Bay Company, the Levant Company, and Virginia Company may be named among the many corporations then in existence, which acquired, from the extent of their operations, celebrity throughout the commercial world. This state of facts forbids the supposition that it intended in the grant of power to congress to exclude from its control the commerce of corporations. The language of the grant makes no reference to the instrumentalities by which commerce may be carried on. It is general, and includes alike commerce by individuals, partnerships, associations, and corporations. There is, therefore, nothing in the fact that the insurance companies of New York are corporations to impair the force of the argument of counsel. The defect of the argument lies in the character of their business. Issuing a policy of insurance is not a transaction of commerce. They are not subjects of trade and barter offered in the market as something having an existence and value, independent of the parties to them. They are not commodities to be shipped or forwarded from one state to another and then put up for sale." *Paul* v. *Virginia,* 8 Wall. 168.

If the facts presented by the plea show a "transaction of commerce," and that commerce be carried on between the states or a state and territory, the statute can have no force. To take the illustration of Mr. Justice FIELD, in the above-quoted case, can we say that the sewing-machines are commodities, to be shipped or forwarded from one state to another, and then put up for sale? If a visible, tangible thing like a sewing-machine is not a commodity, we cannot well conceive of a commodity at all. These commodities were shipped or forwarded from New Jersey to New Mexico, and were here put up for sale and sold. It was a "transaction of commerce." A very comprehensive definition of what constitutes commerce within the meaning of the clause of the constitution under consideration was given in *Ferry Co.* v. *Pennsylvania,* 114 U. S. 196, 5 Sup. Ct. Rep. 826. It is there said that "commerce among the states consists of intercourse and traffic between their citizens, and includes the transportation of persons and property, and the navigation of the public waters for that purpose, as well as the purchase, sale, and exchange of commodities." The instrumentalities employed to carry on intercourse and traffic, such as transportation of persons and property, and the purchase, sale, and exchange of commodities, are alike protected, whether they be individuals, partnerships, associations, or corporations. *Paul* v. *Virginia,* 8 Wall. 168; *Welton* v. *Missouri,* 91 U. S. 275; *Mobile* v. *Kimball,* 102 U. S. 691; *Ferry Co.* v. *Pennsylvania,* 114 U. S. 196, 5 Sup. Ct. Rep. 826; *Walling* v.

v. 4 N. M.—12

*Michigan*, 116 U. S. 446, 6 Sup. Ct. Rep. 454. The non-action by congress in the matter of interstate commerce is equivalent to a declaration by that body that such commerce shall remain free. *Ferry Co.* v. *Pennsylvania*, 114 U. S. 196, 5 Sup. Ct. Rep. 826. It is quite apparent and needs no further argument or illustration to prove that if the section of the statute relied upon by the defendants was intended to forbid commercial intercourse between foreign corporations and the citizens of New Mexico, it was an assertion of legislative authority entirely without constitutional sanction, and therefore void. The act, however, for many and in fact nearly all its professed purposes is valid, and will be upheld. It follows from what has been said that the demurrer in the court below was properly sustained. As this is the only question argued here, and as the action of the court below was correct, we find no error in the record. The judgment of the court below is affirmed.

BRINKER and REEVES, JJ., concurred.